Anthony V. Diosdi (SBN 339070)
(adiosdi@sftaxcounsel.com)
Diosdi & Liu, LLP
505 Montgomery Street, 11th Floor
San Francisco, CA 94111
Telephone:  (415) 391-3990
Facsimile:  (415) 335-7922

Attorney for Plaintiff
Jinming Zhang

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JINMING ZHANG,**<br><br>                Plaintiff,<br><br>        v.<br><br>**INTERNAL REVENUE SERVICE;**<br><br>**UNITED STATES OF AMERICA,**<br><br>                Defendants. | Case No.<br><br>**COMPLAINT FOR REFUND OF FEDERAL PENALTY PAID** |

Plaintiff, JINMING ZHANG, by and through her attorney, Anthony V.

Diosdi, for her Complaint against Defendants, the Internal Revenue Service and

United States of America, alleges as follows:

## **NATURE OF THE CASE**

1.      Plaintiff is an individual who received a foreign bequest in the amount that exceeded $100,000. The Plaintiff only became aware of her obligation to file Form 3520 for her foreign bequest after the due date for filing the Form 3520 for the 2017 tax year had passed. As soon as Plaintiff became aware of her Form 3520 filing obligation, she immediately disclosed her foreign bequest on Form 3520 for the 2017 tax year. When the Internal Revenue Service ("IRS") received Plaintiff's 2017 Form 3520, it automatically assessed a Section 6039F penalty against Plaintiff.

## **JURISDICTION AND VENUE**

2.      This Court has jurisdiction under 28 U.S.C. §1346(a).

3.      Venue is proper in the United States District Court for the Northern District of California under 28 U.S.C. §1391(e)(1) because a substantial part of the events giving rise to the claim against the United States occurred in this district, and because Plaintiff resides in this district.

## **PARTIES**

4.      Plaintiff, Jinming Zhang, is an individual residing in Santa Clara County of the State of California.

5.     Defendant, Internal Revenue Service, is an executory agency of the United States within the meaning of the APA, 5 U.S.C. Sections 551 and 701, and a bureau of the United States Department of Treasury.

6.  Defendant, United States of America, is the federal government formed under the Constitution of the United States of America.

## GENERAL ALLEGATIONS

**The IRS Exceeded Its Authority to Assess and Collect the Penalty**

7.     Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

8.     Section 6671(a) of the Internal Revenue Code provides that the Secretary of the Treasury shall assess and collect the penalties and liabilities provided by Subchapter B of Chapter 68 of the Internal Revenue Code ("Chapter 68B") "in the same manner as taxes." Chapter 68B penalties are generally assessable penalties that the IRS can immediately assess and collect without benefit of deficiency procedures.

9.     The requirement that U.S. donees of large foreign gifts or bequests file informational returns via Form 3520 is set forth in Section 6039F of the Internal Revenue Code. The failure to timely file Form 3520 in connection with the receipt of any such large foreign gift or bequest is provided in subsection (c) of Section 6039F.

10.    Section 6039F, however, appears in Chapter 61 and not in Chapter 68 of the Internal Revenue Code. The penalty in subsection (c) thereof does not provide that the Secretary of the Treasury is to assess and collect the penalty in the same manner as a tax or an assessable penalty. Section 6039F also does not contain any cross-reference to another section in Chapter 68 for provisions relating to the applicable penalty arising from the failure to comply with Section 6039F's reporting requirement. Similarly, there is no section in Chapter 68 (i.e., Sections 6651–6751) that provides or imposes any penalty with respect to the failure to comply with Section 6039F's reporting requirement..

11.    Accordingly, the Section 6039F(c) penalty imposed on Plaintiff for failing to file Form 3520 is not an "assessable penalty" under the Internal Revenue Code and, in particular, is not an "assessable penalty" provided by Chapter 68B.

12.    Since the 6039F(c) penalty is not an assessable penalty, the assessment authority granted to the Secretary of the Treasury under Section 6201(a) of the Internal Revenue Code with respect to all taxes (including interest, additional amounts, additions to tax, and assessable penalties) does not extend to and include the Section 6039F(c) penalty.

13.    The IRS is the delegate of the rights and powers of the Secretary of the Treasury under Sections 6201 and 6671. As such, the IRS lacks the statutory

authority to assess and administratively collect the Section 6039F(c) penalty

imposed on Plaintiff for not timely filing Form 3520 for the 2017 tax year.

14.    Defendants exceeded their statutory authority in assessing and

collecting the Section 6039F(c) penalty against Plaintiff.

**The IRS Exceeded its Lien and Levy Collection Authority**

15.    Plaintiff realleges and incorporates by reference the foregoing

paragraphs as if fully set forth herein.

16.    The federal tax lien imposed by Section 6321 of the Internal Revenue

Code arises only when a "person [who is] liable to pay any tax neglects or refuses

to pay the same after demand." The IRS is also authorized by Section 6331(a) of

the Internal Revenue Code to levy against assets of any person who is "liable to pay

any tax [and] neglects or refuses to pay the same within 10 days after notice and

demand."

17.    Since the Section 6039F(c) penalty for failing to timely file Form 3520

is neither a tax nor an assessable penalty under the Internal Revenue Code, neither

the Secretary of the Treasury, nor its delegate, the IRS, has the authority under

Section 6201(a) to file tax liens or levy assets in order to collect the Section

6039F(c) penalty.

18.    Defendants exceeded their statutory authority in assessing and

collecting the Section 6039F(c) penalty against Plaintiff.

19.     Since the Defendants exceeded their statutory authority in assessing the Section 6039F penalty for the 2017 calendar year, the Plaintiff is entitled to refund of the entire Section 6039F penalty assessment.

**The IRS Failed to Comply With Section 6751(b)(1)**

20.     Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

21.     Section 6751(b) of Internal Revenue Code provides that the IRS may not assess certain penalties such as Section 6039F penalties "unless the initial determination of such assessment is personally approved (in writing) by the immediate supervisor of the individual making such determination or such higher official as the Secretary may designate."

22.     Plaintiff submitted a Freedom of Information Act ("FOIA") request to the IRS for Plaintiff's tax records for the 2017 tax year.

23.     The information provided by the IRS in response to Plaintiff's FOIA request does not identify the name of the manager or immediate supervisor who approved the Section 6039F(c) penalty imposed on Plaintiff for the 2017 tax year.

24.     The information provided by the IRS in response to Plaintiff's FOIA request is unclear as to whether supervisory approval as required by Section 6751(b) was obtained, if at all.

25.     Defendants failed to comply with the supervisory approval requirement of 6751(b)(1) when it assessed the Section 6039F penalty against the Plaintiff.

26.     Since Defendants failed to comply with Section 6751(b)(1) in assessing the Section 6039F penalty for the 2017 calendar year, the Plaintiff is entitled to a refund of the entire Section 6039F penalty assessment for the 2017 calendar year.

**The IRS Failed to Comply With Section 6751(a)**

27.     Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

28.     Internal Revenue Code Section 6751(a) requires each notice of a penalty issued by the IRS to state the name of the penalty, the Section of the Internal Revenue Code under which the penalty is imposed, and a computation of the penalty.

29.     The IRS violated Section 6751(a) by not providing the Plaintiff with a computation as to how it computed the Section 6039F penalty; the Plaintiff could not determine if the Section 6039F penalty was correctly computed.

30.     Since Defendants failed to comply with Section 6751(b)(1) in assessing the Section 6039F penalty for the 2017 calendar year, the Plaintiff is

entitled to a refund of the entire Section 6039F penalty assessment for the 2017 calendar year.

**Reasonable Cause Exception to Section 6039F**

31.    Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

32.    The Plaintiff was born in China and domiciled there during most of her life. She became a U.S. resident alien for federal income tax purposes in 2017.

33.    The Plaintiff resided in the U.S. temporarily as a student from June 2012 to December 2013 where she attended the University of Miami as an accounting student and took the CPA exam. The Plaintiff's education was focused on auditing and immediately after graduating returned to China where she worked for the Chinese government bureau as an internal auditor. Her work focused on Chinese accounting rules and regulations and had no relationship to U.S. tax accounting, U.S. tax filing, or U.S. information return filings.

34.    The Plaintiff filed her first U.S. individual income tax return for the 2017 tax year using TurboTax and relied on its guidance. TurboTax is a popular tax software used by non-tax professionals. TurboTax has partnered with the IRS for free file programs for a number of years.

35.    The Plaintiff timely filed her 2017 income tax return. In October of 2018, upon learning the obligation to file a Form 3520 she had with the IRS

through a conversation with an acquaintance, the Plaintiff immediately filed a Form 3520 with the Internal Revenue Service for the 2017 tax year.

36.    The Plaintiff was issued an H4 visa on March 24, 2017. The Plaintiff's first U.S. entry with this visa was on June 13, 2017.

37.    The Plaintiff's days of presence in the U.S. in 2017 were as follows: a) January 19, 2017 through February 17, 2017, on a B1/B2 Tourist Visa; b) June 13, 2017 through August 12, 2017, on an H4 Visa; c) September 15, 2017 through December 31, 2017, on an H4 Visa.

38.    During nearly all of 2017, the Plaintiff would have been considered a non-resident alien for tax purposes. In mid-December 2017, however, the Plaintiff passed the substantial presence test discussed in Section 7701(b) of the Internal Revenue Code, and as a result, the Plaintiff's date of U.S. residence was retroactively applied to her first entry into the U.S. that year, January 19, 2017, when she entered on a tourist visa before returning to China for several more months.

39.    The Plaintiff married a Chinese Citizen in December 2016 and received wedding gifts in the amount of $287,108 from her family in China, all of whom were non-U.S. persons. The gifts were received on the following dates: a) March 17, 2017: $22,723; b) March 20, 2017: $29,985; c) April 6, 2017: $30,000;

d) April 18, 2017: $46,985; e) May 17, 2017: $49,000; f) May 26, 2017: $48,985; g) June 9, 2017: $39,490; and June 14, 2017: $19,940.

40.     Section 1905 of the 1996 Tax Act created reporting requirements under Section 6039F of the Internal Revenue Code for U.S. persons (other than certain exempt organizations) that receive large gifts (including bequests) from foreign persons. The information reporting provisions require U.S. donees to provide information concerning the receipt of large amounts that the donee treat as foreign gifts, giving the IRS an opportunity to review the characterization of these payments and determine whether they are properly treated as gifts.

41.     U.S. donees are currently required to report certain information about such foreign gifts on Part IV of Form 3520.

42.     Under Sections 6039F(a) and (b), reporting is required for aggregate foreign gifts in excess of $100,000 during a taxable year. Once the $100,000 threshold has been met, the U.S. donee is required to file a Form 3520 with the IRS.

43.     Section 6039F(c) provides that if a U.S. person fails, without reasonable cause, to report a foreign gift as requested by Section 6039F, the (1) the tax consequences of the receipt of the gift will be determined by the Secretary and (2) the U.S. person will be subject to a penalty equal to 5% of the amount for the gift for each month for the failure to report the foreign gift continues, with the total penalty not to exceed 25% of such amount.

44.     Originally, penalties associated with Form 3520 were assessed manually on individuals and entities who missed filing deadlines and were discovered during an audit.

45.     Several years ago, the IRS began a systematic assessment of Section 6039F penalties associated with the late filing of Form 3520s. The systematic assessment of Section 6039F penalties is controversial. Many U.S. donees are unaware of their Form 3520 reporting obligation and learn of their filing obligation after the due date of the filing obligation has already passed. Many of these same U.S. donees often try to comply with their Form 3520 filing requirement late. The IRS typically rewards these U.S. donees "trying to do the right thing" by automatically assessing the maximum Section 6039F penalty against them.

46.     On November 2, 2020, the IRS automatically assessed against Plaintiff a penalty in the amount of $71,777 pursuant to Section 6039F of the Internal Revenue Code for failing to timely disclose the 2017 foreign gifts on Form 3520. That figure represented the highest possible penalty amount, which was 25 percent of the wedding gifts the Plaintiff received in 2017.

47.     The IRS has authority to waive the penalty if the individual that was assessed the penalty can demonstrate that the violation was due to reasonable cause. *See* IRC Section 6039F(c)(2).

48.     "Reasonable Cause" is nowhere defined in Section 6039F or in regulations interpreting it. That phrase, however, appears repeatedly in statutes governing the IRS's tax assessment role. For example, 26 U.S.C. Section 6664(c)(1) prohibits penalties for any portion of an underpayment of tax "if it is shown that there was reasonable cause for such portion and that the taxpayer acted in good faith with respect to such portion." Another statute, applicable to foreign trusts, prohibits penalties for "any failure which is shown to be due to reasonable cause and not due to willful neglect." *See* 26 U.S.C. Section 6677(d). The statute which is analogous in this case is 26 U.S.C. Section 6651(a)(1). In that statute, Congress prohibited monthly penalties for failing to file tax returns where "such failure is due to reasonable cause and not due to willful neglect."

49.     In 1985, the Supreme Court noted that the meaning of the terms "reasonable cause" and "willful neglect" 'ha[d] become clear over the near-70 years of their presence in the statutes." *See United States v. Boyle*, 469 U.S. 241, 246 (1985). It also noted that the regulations defined "reasonable cause" for purposes of Section 6651(a)(1). The relevant Treasury Regulation calls on the taxpayer to demonstrate that he/she exercised "ordinary business care and prudence" but nevertheless was "unable to file the return within the prescribed time."

50.     There is no reason to believe that Congress intended the meaning of "reasonable cause" in a Section 6039F penalty case to differ from the meaning ascribed to it in tax statutes.

51.     Reliance on the advice of a tax professional may constitute reasonable cause and good faith, if under all the facts and circumstances, the reliance is reasonable and in good faith. The United States Supreme Court has stated: "When an accountant … *advises* a taxpayer on a matter of tax law, such as whether liability exists, it is reasonable for the taxpayer to rely on that advice. Most taxpayers are not competent to discern error in the substantive advice of an accountant…. To require the taxpayer to challenge [or] seek a 'second opinion,' or to try to monitor [the accountant] on the provisions of the [Internal Revenue] Code himself would nullify the very purpose of seeking the advice of a presumed expert in the first place…. 'Ordinary business care and prudence' do not demand such actions." *United States v. Boyle*, 469 U.S. at 251.

52.     In *Congdon v. U.S.,* 108 AFTR 2d 2011-6343 (E.D. Texas, 2011), the court recognized the complexity of foreign information filing and ruled that although ignorance of the law alone is not sufficient to constitute reasonable cause, the complexity of the area of law may be considered in determining reasonable cause. In *Congdon*, the court did recognize the complexity and obscurity of

international information filings when assessing whether ordinary business care and prudence standards were followed by a taxpayer.

53.     The Plaintiff received all $287,108 in gifts while a non-resident alien for U.S. tax purposes. The Plaintiff did not imagine she had an obligation to inform the IRS that she received those gifts. It was not only in mid-December 2017 that unbeknown to the Plaintiff she became a U.S. person.

54.     In mid-December of 2017, the Plaintiff satisfied the substantial presence test. The residency starting date for an alien who meets the substantial presence test is the first day during the calendar year on which the individual is present in the United States. The Plaintiff entered the United States on January 19, 2017 and therefore, she retroactively became a U.S. resident for tax purposes on that date. All the gifts she received while residing in China, and not otherwise a U.S. resident at the time, now became subject to information reporting merely days before the end of the tax year. If not for the Plaintiff's relatively brief entry to the U.S. in January 2017 to visit her spouse, while on a tourist visa, the Plaintiff would not have retroactively become a U.S. resident for income tax purposes until after receiving her wedding gifts.

55.     These facts and circumstances, namely the complexity and obscurity of the informational filing requirements, as held in *Congdon*, establish reasonable cause. It is not unreasonable or imprudent for an individual who receives foreign

gifts, while still living in a foreign country as a non-U.S. resident, to not grasp that the date of her residence will be deemed to relate back to the day she first entered the country on a tourist visa by an operation of law she did not know existed, and that those gifts would be subject to U.S. reporting requirements on an information return.

56.    The Plaintiff reasonably and in good faith relied on competent tax advisers to satisfy her 2017 filing obligations. The Plaintiff followed the instructions and advice provided by TurboTax. Although *Boyle* applies to the advice of traditional tax return preparers, nearly 40 million Americans rely on TurboTax to prepare their tax returns and TurboTax advertises that their tax advisors consist of only licensed CPAs, EAs, and Attorney "experts." It is understandable that the average person, especially a new immigrant filing her first tax return, would trust that the company's tax preparation services, staffed by CPAs, EAs, and Attorneys would be competent tax advisors. Here, TurboTax provided incorrect advice. In response to "Where do I report a cash gift?" TurboTax replies, "If you receive the money, no matter how much or how little, you don't report anything" and proceeded to give advice on Form 709."

57.    If the CPA, EA, and Attorney experts employed by TurboTax have not caught this misstatement, it is reasonable that a foreign individual would not realize this was incorrect advice.

58.     This is a unique situation in which the Plaintiff acted reasonably and in good faith in attempting to comply with the provisions of the Internal Revenue Code in 2017. Since the Plaintiff acted reasonably and in good faith to comply with her 2017 3520 filing requirements, the Section 6039F penalty should not be upheld and the Plaintiff is entitled to a refund of the entire 2017 Section 6039F penalty assessment.

**The IRS Violated the Plaintiff's Due Process Rights by Failing to Properly Apply the Reasonable Cause Standard Stated in Section 6651**

59.     Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

60.     On November 2, 2020, in response to a late filed Form 3520, the IRS automatically assessed a $71,777 penalty against the Plaintiff for the 2017 tax year.

61.     On December 1, 2020, the Plaintiff sent to the IRS a detailed protest letter stating she had reasonable cause for the untimely filing of the Form 3520. *See* **Exhibit A**.

62.     On September 14, 2021, more than a year after the date the IRS assessed the 2017 penalty against Plaintiff, the IRS informed Plaintiff that her request to abate the Section 6039F penalty was rejected. In contravention of the Supreme Court's holding in *Boyle* and the regulations promulgated for Internal Revenue Code Section 6651(a)(1), the IRS notice concluded that ordinary business

care and prudence require taxpayers to make themselves aware of their duties and that ignorance of tax laws could not serve as a basis for reasonable cause. *See* **Exhibit B**.

63.    The reason the IRS denied the Plaintiff's request to remove the Section 6039F penalty has no rational basis in Section 6039F(c)(2). The IRS's interpretation of Section 6039F(c)(2) is incorrect and therefore is an invalid interpretation of Section 6039F(c)(2).

64.    Pursuant to 5 U.S.C. Section 705 of the Administrative Procedure Act ("APA"), courts are empowered to set aside an agency action that is, "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."

65.    The IRS's summary assessment of the Section 6039F(c) penalty has no rational connection between the facts found by the IRS and the reason for the assessment of the penalty.

66.    The IRS acted arbitrarily, capriciously, and abused its discretion in assessing the Plaintiff the 2017 Section 6039F(c) penalty.

**IRS Independent Office of Appeals Violated the Plaintiff's Due Process Rights by Failing to Properly Apply the Reasonable Cause Standard Stated in Section 6651**

67.    Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

68.    On October 29, 2021, the Plaintiff timely appealed the IRS's denial of her request for the abatement of the Section 6039F penalty to the IRS Independent Office of Appeals (hereinafter "Appeals").

69.    In her written appeal, the Plaintiff stated in detail the facts and circumstances of her case and the reason she acted with reasonable cause. *See* **Exhibit C**.

70.    According to information that was obtained through a Freedom of Information Act ("FOIA") request from the IRS, the IRS provided "training materials" to IRS Appeals Officers for purposes of the Section 6039F penalty. The "training materials" included examples and Internal Revenue Manual ("IRM") cites. The "training materials" provided to Appeals Officers stressed that Section 6039F penalty mitigation should be used sparingly and only when hazards of litigation are low and extenuating circumstances exist. *See IRS Appeals Training Materials on Reasonable Cause Worry Practitioners,* Tax Notes Int'l, Oct. 10, 2022, pp. 144-47.

71.    These "training materials" are contrary to case law and Treasury Regulations promulgated for Section 6651(a)(1) that require ordinary business care and prudence to establish reasonable cause to remove a penalty.

72.    On or about November 21, 2022, IRS Appeals assigned Appeals Olivia Wells TenElshof to Plaintiff's case.

73.     On March 14, 2024, the Appeals Officer agreed to reduce the penalty by 20%.

74.     IRS Appeals misinterpreted the definition of reasonable cause in the context of Section 6039F(c)(2) and incorrectly determined that Section 6039F(c)(2) provides that "ignorance of tax laws could not serve as a basis for reasonable cause."

75.     IRS Appeals acted arbitrarily and capriciously or abused its discretion by misinterpreting Section 6039F(c)(2).

**IRS Administrative First-Time Penalty Abatement Procedures**

76.     Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

77.     In 2001,  the IRS established the first-time penalty abatement procedures to help administer the abatement of penalties consistently and fairly, reward past compliance, and promote future compliance. This administrative program allows a first-time noncompliant taxpayer to request abatement of certain penalties for a single tax period.

78.     According to the IRS's first-time penalty abatement procedures, a participant meets all of the first-time penalty abatement criteria as stated below: (1) Filing compliance: a participant must have filed (or filed a valid extension for) all required returns and can't have an outstanding request for a return from the IRS. (2)

Payment compliance: the participant must have paid, or arranged to pay all tax due (can be in an installment agreement as long as the payments are current). (3) The participant must have no prior penalties (except an estimated tax penalty) for the preceding three years.

79.    The Plaintiff qualified for relief from the Section 6039F penalty under the terms of the first-time penalty abatement procedures.

80.    On December 1, 2020, the Plaintiff sent to the IRS a correspondence requesting relief from the Section 6039F through the first-time abatement procedures.

81.    The IRS refused to grant the Plaintiff relief through the first-time penalty abatement procedures.

82.    The IRS's refusal to grant her relief through the first-time penalty abatement procedures was unreasonable, arbitrary and capricious, and an abuse of discretion.

**Claim for Refund**

83.    Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

84.    The IRS is authorized by Section 6402 of the Internal Revenue Code to refund an overpayment of federal taxes to the person who made the overpayment. Section 7422 of the Internal Revenue Code mandates that no suit for

"the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority" shall be maintained in any court until a claim for refund has been filed. Pursuant to Section 6532(a) of the Internal Revenue Code, no suit for the recovery of any internal revenue tax, penalty, or other sum shall begin before the expiration of six months from the date of the filing of the administrative claim for refund, unless the claim is disallowed by the IRS prior to the six month period.

85.    Plaintiff filed Form 843, 'Claim for Refund and Request for Abatement,' for the 2017 tax year ("2017 Claim for Refund") with the IRS on May 6, 2024.  *See* **Exhibit D**, Copy of Plaintiff's 2017 Claim for Refund.

86.    Plaintiff's 2017 Claim for Refund provided Defendants with adequate notice that Plaintiff sought a refund of $68,004.52 in taxes, interest and penalties paid by Plaintiff for the 2017 tax year.

87.    More than six months have elapsed since the date of the filing of Plaintiff's 2017 Claim for Refund.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

A.    For refund of $68,004.52 in penalties illegally collected by Defendants from Plaintiff for the 2017 tax year;

B.    An award of attorney fees, costs, and other expenses incurred by

Plaintiff to the extent allowed by law; and

C.    Such relief as the Court deems just and proper.


Date: November 20, 2024

Respectfully Submitted,

*/s/ Anthony V. Diosdi*
Anthony V. Diosdi (CA SBN 339070)
Diosdi & Liu, LLP
505 Montgomery St., 11th Floor
San Francisco, CA 94111
Phone:  (415) 318-3990
Fax:  (415) 335-7922
adiosdi@sftaxcounsel.com

*Attorney for Plaintiff*