UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JINMING ZHANG,

          Plaintiff,

    v.

INTERNAL REVENUE SERVICE, et al.,

          Defendants.

Case No. 24-cv-08210-AMO

**ORDER GRANTING PARTIAL MOTION TO DISMISS**

Re: Dkt. No. 17

This is an action for tax refund that additionally includes claims under the Administrative Procedures Act ("APA") and United States Constitution. Defendants Internal Revenue Service and the United States of America (together, "IRS") moved to dismiss in part Plaintiff Jinming Zhang's operative first amended complaint. The partial motion to dismiss was heard before this Court on April 2, 2026. Having read the papers filed by the parties and carefully considered their arguments therein and those made at the hearing, as well as the relevant legal authority, the Court **GRANTS** the motion for the following reasons.

## I.    BACKGROUND

Plaintiff Jinming Zhang is a Chinese citizen residing in Santa Clara, California. First Am. Compl. (Dkt. No. 7, "FAC") ¶¶ 7, 35. Between June 2012 and December 2013, Zhang resided in the United States to attend the University of Miami and pursue a master's in accounting. FAC ¶ 36. Upon completion of her studies, Zhang moved back to China, where she worked as an internal auditor for the Chinese government. FAC ¶ 36. In 2014, Zhang returned to the United States to take the CPA exam. FAC ¶ 36; Dkt. No. 7-4 at 19.

In December 2016, Zhang married another Chinese citizen and, in September 2017, moved to California to join him in the United States. *See* FAC ¶¶ 39-42. By mid-December, Zhang had

met the substantial presence test of Title 26 U.S.C. § 7701(b), making her subject to U.S. tax reporting requirements including, relevant here, Title 26 U.S.C. § 6039F. *See* FAC ¶ 41. In 2017, Zhang received several wedding gifts from her family in China totaling $287,108. FAC ¶ 42.

Zhang timely filed a U.S. income tax return for 2017 using TurboTax. FAC ¶¶ 37-38. The tax return did not include a Form 3520 (Annual Return To Report Transactions With Foreign Trusts and Receipt of Certain Foreign Gifts). *Id.* The penalty for failing to timely file a Form 3520 to report a foreign gift is equal to "5 percent of the amount of such foreign gift for each month for which the failure continues," but "not to exceed 25 percent of such amount in the aggregate." 26 U.S.C. § 6039F(c)(1)(B). The U.S. person "shall pay [this penalty] (upon notice and demand by the Secretary and in the same manner as tax)." *Id.* A taxpayer can avoid being penalized under section 6039F if they can show that their failure to file was due to "reasonable cause and not due to willful neglect." *Id.* § 6039F(c)(2).

When Zhang filed her U.S. income tax return for 2017, she did not know that she had to file a Form 3520 reporting her wedding gifts from her family in China. Dkt. No. 7-4 at 2. She only learned of this requirement later in 2018. *Id.* After this discovery, Zhang prepared and filed a belated Form 3520 in October 2018 reporting these wedding gifts. *Id.* After Zhang filed her late Form 3520 with the IRS reporting her large foreign bequests, the IRS assessed a Title 26 U.S.C. § 6039F(c) penalty against her in the amount of $71,777. FAC ¶ 63. The assessment – which equals 25% of the $287,108 of foreign gifts reported – was made on November 2, 2020. *Id.*

A month later, Zhang's representative sent a letter to the IRS requesting penalty abatement for reasonable cause or, in the alternative, under the IRS's First Time Penalty Abatement policy. Dkt. No. 7-2. The IRS rejected the request for abatement, stating the information submitted did not "establish reasonable cause or show due diligence." Dkt. No. 1-2 at 1. Zhang appealed to the IRS's Independent Office of Appeals, largely detailing the same circumstances in her original letter to the IRS requesting penalty abatement. *See* Dkt. No. 7-3. Around November 2022, an appeals officer was assigned to the case, who eventually reduced the penalty by 20% to $57,422. FAC ¶¶ 75-76. Zhang fully paid the remaining penalty on April 2, 2024. *See* Dkt. No. 7-5 at 2.

United States District Court
Northern District of California

A month later, on May 6, 2024, Zhang filed a claim for refund with the IRS. *Id.* In it, she requested a refund of the Section 6039F penalty assessed against her for several reasons. She argued that (i) she was entitled to a reasonable-cause defense; (ii) the IRS did not satisfy the managerial-approval requirements of Title 26 U.S.C. § 6751(b) before assessing the penalty; (iii) the IRS violated the Administrative Procedures Act ("APA") when it supposedly failed to review her reasonable-cause statement submitted with her delinquent Form 3520 as part of an IRS program to encourage submissions of delinquent international information returns (identified in the claim for refund as the DISP program); (iv) the IRS did not have statutory authority to assess this Section 6039F penalty; and (v) the penalty violated the Excessive Fines Clause of the Eighth Amendment. Dkt. No. 7-5 at 3-6. The IRS did not act on the claim for refund in the six months after the claim for refund was filed. FAC ¶ 97. Zhang then filed this suit, seeking a refund of $68,004.52 in taxes, interest, and penalties she paid for the 2017 tax year. Dkt. No. 1.

## II.    DISCUSSION

The IRS moves to dismiss certain of Zhang's claims under both Rule 12(b)(1) and 12(b)(6), arguing that (1) Zhang fails to state a claim that the IRS exceeded its authority to assess and collect the penalty under Section 6039F, FAC ¶¶ 10-22;[1] (2) the Court lacks subject matter jurisdiction over Zhang's claim under the APA, *id.* ¶¶ 62-85; and (3) Zhang fails to state a claim for violation of the Eighth Amendment of the U.S. Constitution, *id.* ¶¶ 86-92. The IRS concedes that "Zhang's claims for refund based on a reasonable-cause defense, FAC ¶¶ 34-61, and the managerial-approval requirement of 26 U.S.C. § 6751(b), *id.* ¶¶ 23-29, should move forward." Dkt. No. 17 at 7. After setting forth the relevant legal standards for the IRS's motion, the Court takes up the IRS's challenges in turn.

---

[1] In the IRS's papers, it additionally argued that the Court lacked jurisdiction over any wrongful levy challenge or failure to comply with Section 6751(a). *See, e.g.*, Dkt. No. 17 at 24. At the hearing, counsel for the IRS clarified that this argument was subsumed within discussion regarding other issues at bar, including the IRS's authority to assess and collect the Section 6039F penalty. The Court therefore does not address the argument separately.

3

United States District Court
Northern District of California

### A.    Legal Standards

#### 1.    Rule 12(b)(1) – Subject Matter Jurisdiction

Under Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss the complaint for lack of Article III standing, which divests the court of subject-matter jurisdiction. *See Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011).  "The party asserting federal subject matter jurisdiction bears the burden of proving its existence."  *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010).  A Rule 12(b)(1) motion may assert a factual or facial challenge to jurisdiction.  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  A factual challenge "disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction," while a facial challenge argues "the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction."  *Id.* at 1039. To resolve a factual challenge, the court "may review evidence beyond the complaint" and "need not presume the truthfulness of the plaintiff's allegations."  *Id.* at 1038.  The court "resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor[.]"  *3taps, Inc. v. LinkedIn Corp.*, No. 18-CV-00855-EMC, 2022 WL 16953623, at *4 (N.D. Cal. Nov. 15, 2022) (citing *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014)).

#### 2.    Rule 12(b)(6) – Failure to State a Claim

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint.  *Ileto v. Glock*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003).  Under Federal Rule of Civil Procedure 8, which requires that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), a complaint may be dismissed under Rule 12(b)(6) if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal theory. *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013).

While the court is to accept as true all the factual allegations in the complaint, legally conclusory statements, not supported by actual factual allegations, need not be accepted. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).  The complaint must proffer sufficient facts to state a claim

4

for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 558-59 (2007) (citations and quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Id.* at 679.

Review is generally limited to the contents of the complaint, although the court can also consider a document on which the complaint relies if the document is central to the claims asserted in the complaint, and no party questions the authenticity of the document. *See Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). The court may consider matters that are properly the subject of judicial notice, *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005); *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001), and may also consider documents referenced extensively in the complaint and documents that form the basis of the plaintiffs' claims. *See No. 84 Emp'r-Teamster Jt. Council Pension Tr. Fund v. Am. W. Holding Corp.*, 320 F.3d 920, 925 n.2 (9th Cir. 2003). If dismissal is warranted, it is generally without prejudice, unless it is clear that the complaint cannot be saved by any amendment. *Sparling v. Daou*, 411 F.3d 1006, 1013 (9th Cir. 2005).

### B.    Section 6039F Penalty

The IRS moves to dismiss Zhang's claim that the IRS did not have statutory authority to assess the Title 26 U.S.C. § 6039F penalty against her for failure to state a claim under Rule 12(b)(6). *See* Dkt. No. 17 at 10-17. Zhang contends that, instead of assessment and collection, the IRS may only collect the Section 6039F penalty through a civil action, the default mode of collection. *See* Dkt. No. 23 at 10; *see also* 28 U.S.C. § 2461(a) ("[w]henever a civil fine, penalty or pecuniary forfeiture is prescribed for the violation of an Act of Congress without specifying the mode of recovery or enforcement thereof, it may be recovered in a civil action.").

Zhang's contention – that the IRS did not have statutory authority to assess the Section 6039F penalty against her, FAC ¶¶ 10-22 – has been raised in several other foreign-penalty cases involving different provisions of the Internal Revenue Code. The argument was most notably

raised in *Farhy v. Commissioner* (*Farhy I*), 160 T.C. 399 (2023), which was then reversed in *Farhy v. CIR* (*Farhy II*), 100 F.4th 223 (D.C. Cir. 2024). A brief discussion of those two cases informs resolution of the dispute here.

The *Farhy* cases concerned penalties for failure to report information related to foreign income streams. In *Farhy I*, the Tax Court determined the IRS lacks authority to collect penalties under Title 26 U.S.C. § 6038(b) for failure to report interests in foreign corporations and partnerships because Congress failed to explicitly authorize the assessment of such penalties. *Farhy I*, 160 T.C. at 400. The Court of Appeals for the District of Columbia Circuit reversed the Tax Court and held that Section 6038(b) penalties are subject to IRS assessment and collection. *See Farhy II*, 100 F.4th 223 (D.C. Cir. 2024).[2] The Court of Appeals highlighted that "Congress renders penalties assessable in more ways" than through explicit reference alone, including by "implication." *Farhy II*, 100 F.4th at 235-36. Analyzing the ways in which the statutory text implied that Congress intended the IRS to be able to assess the Section 6038(b) penalty despite the absence of plain language such as "shall be assessed," the court focused on several of its textual characteristics. Most relevant here, the court emphasized that the statute's penalty provision included a built-in "reasonable cause" affirmative defense for a taxpayer challenging the penalty that expressly empowered the IRS, not a court, to grant or deny the defense within an administrative process. *Id.* at 233-34. The *Farhy II* court emphasized that, if the "penalty was not assessable, there would be no post-assessment administrative process in which the taxpayer could make a reasonable cause showing to the Secretary." *Id.*, 100 F.4th at 233.

Because Section 6038 and 6039F are analogous statutes that purport to penalize failure to report foreign holdings or revenues, both Zhang and the IRS argue that they warrant similar analysis in this case. In Zhang's view, the Court should follow the Tax Court's guidance in *Farhy I* and invalidate the Section 6039F penalty just as the Section 6038 penalty was invalidated in that case. In the IRS's view, the claim that the agency lacked authority to assess and collect the

---

[2] The Tax Court has subsequently stated that it will follow its own precedent on the matter when cases are in distinct circuits. *See Mukhi v. Commir of Internal Revenue*, 162 T.C. 177, 194 (2024), *adhered to on reconsideration*, No. 4329-22L, 2024 WL 4815052 (T.C. Nov. 18, 2024).

Section 6039F penalty should be rejected along the same lines of the D.C. Circuit's guidance in *Farhy II*. Central to the parties' dispute is Section 6201(a), the provision authorizing the Treasury Secretary to assess "all taxes (including interest, additional amounts, additions to the tax, and assessable penalties) imposed by this title." In *Farhy I*, the Tax Court read this provision to limit the IRS's power to assess penalties in the course of its administration beyond those which were expressly "assessable." *Farhy I*, 160 T.C. at 404. From this starting point, the Tax Court devoted significant analysis to the distinctions in methods for imposing and collecting penalties. *Id.* at 405-08. The *Farhy II* court disagreed with such an overly restrictive interpretation of the Tax Code in light of the "realities of the Internal Revenue Code – an ever-changing statutory patchwork that contains nearly 10,000 code sections." *Farhy II*, 100 F.4th at 235 (citation omitted).

In an effort to distinguish the Section 6039F penalty from the boundaries of the IRS's authority to assess and collect under Section 6201(a), Zhang argues that certain Supreme Court precedent guides the statutory analysis here. *See* Dkt. No. 23 at 10-13 (citing *Nat'l Fed'n of Indep. Bus. v. Sebelius*, 567 U.S. 519, 543-46 (2012)). In *Sebelius*, Congress imposed a penalty as part of the Patient Protection and Affordable Care Act (commonly known as the "individual mandate" penalty) to be "assessed and collected" in the same manner as a tax. The command of the individual mandate penalty "that the penalty be 'assessed and collected in the same manner' as taxes" was best read as referring to the Treasury Secretary's authority to assess and collect taxes "and giving the Secretary the same authority and guidance with respect to the penalty." *Id.* at 545. The Supreme Court recognized that, while the terms "tax" and "assessable penalty" remain distinct, "Section 6201(a) instructs the Secretary that his authority to assess taxes includes the authority to assess penalties, but it does not equate assessable penalties to taxes for other purposes." *Id.* at 546. In that case, because the penalty itself was not a tax, the plaintiffs there were not obligated to pay it before filing suit – the Anti-Injunction Act did not bar their suit. *Id.* at 546. Contrary to Zhang's reliance, the Supreme Court's analysis only has tangential relevance to the analysis at bar.

7

Zhang relies on the distinction between penalty and tax discussed in *Sebelius* to emphasize that the Section 6309F penalty remains a penalty rather than a tax, precluding ready application of the IRS's authority under Section 6201(a).  The distinction is made clearer, Zhang avers, because the Section 6309F penalty is not expressly an "assessable" penalty.  *See* Dkt. No. 23 at 15-16.  Zhang argues that, on its own terms, Section 6309F is not to be treated as a tax because it does not contain the terms "assessment" or "collection," nor does it contain a specific description that the penalty is to be treated as a tax for assessment and collection purposes.  *See id.* at 15-16.  The distinction between tax and assessable penalties that Zhang attempts to draw thus finds little support in *Sebelius* because, although "tax" and "assessable penalty" remain conceptually distinct, the IRS can assess and collect them just the same under Section 6201(a).

With the parties' arguments largely recapped, the Court shifts its attention to interpretation of the statute at issue here.  The Internal Revenue Code section at issue, Section 6039F, requires U.S. persons to file information returns reporting any foreign gifts they received over $10,000.  This report on foreign gifts is made on Form 3520, and it is due on the same date as the individual's tax return.  *See* 26 U.S.C. § 6039F(c)(1).  Congress requires foreign information reports like this one to be made to "facilitate the IRS's verification of taxpayers' income and tax liabilities and assist the Service in detecting tax evasion."  *Farhy II*, 100 F.4th at 228 (citation omitted).  The failure to timely make this report – even if no taxes are owed in connection with the requisite information – carries with it a penalty.  Subsection (c) of Section 6039F provides that, if someone fails to timely file the Form 3520 reporting their foreign gifts, that "person shall pay (upon notice and demand by the Secretary and in the same manner as tax) an amount equal to 5 percent of the amount of such foreign gift for each month for which the failure continues (not to exceed 25 percent of such amount in the aggregate)."

The language of subsection (c) plainly gives the IRS the authority to assess Section 6039F penalties when read in the broader context of the earlier mentioned congressional authorization for the IRS to assess "all taxes (including interest, additional amounts, additions to the tax, and assessable penalties) imposed by this title."  26 U.S.C. § 6201(a).  Indeed, "use of the word 'include' can signal that the list that follows is meant to be illustrative rather than exhaustive."

8

*Samantar v. Yousuf*, 560 U.S. 305, 317 (2010).  Such broad, encompassing language could be read to include all exactions imposed by the Code unless Congress has specifically provided otherwise.  Such language supports the conclusion that the IRS retains authority to assess the penalty described in Section 6039F.  But the language in subsection (c), "upon notice and demand by the Secretary and in the same manner as tax," more clearly establishes that this penalty is assessable for at least two further reasons.

First, by saying the penalty shall be paid "upon notice and demand by the Secretary," Congress referred to the notice-and-demand-for-payment procedure that usually accompanies an assessment of a tax or other liability by the IRS.  *See* 26 U.S.C. § 6303(a) (requiring the IRS to "give notice to each person liable for the unpaid tax, stating the amount and demanding payment thereof" after an assessment of tax); *see also, e.g.*, Michael I. Saltzman & Leslie Book, IRS PRACTICE AND PROCEDURE ¶ 10.01[1] (Oct. 2024) (explaining the IRS must give notice of the assessment and demand for payment before the IRS can use its administrative collection tools).  An assessment is the "official recording" of the amount a taxpayer owes the federal government.  *Polselli v. IRS*, 598 U.S. 432, 438 (2023); *see also* 26 U.S.C. § 6203.  The assessment is the "cornerstone of the government's tax collection authority."  *Farhy II*, 100 F.4th at 225-26.  If, after notice and demand of payment, an assessment remains unpaid, the IRS " 'can employ administrative enforcement methods to collect the tax,' including liens and levies."  *Id.* at 226 (quoting *United States v. Galletti*, 541 U.S. 114, 122 (2004)).  "An IRS assessment thus serves as 'the trigger for levy and collection efforts.' "  *Farhy II*, 100 F.4th at 226 (quoting *Hibbs v. Winn*, 542 U.S. 88, 100 (2004)).  It remains difficult to conceive that Congress would have included the notice-and-demand language that is so closely tied to assessments if Congress intended the penalty to be instead collected by civil lawsuit, the manner of penalty enforcement proposed by Zhang.  *See, e.g.*, *Azar v. Alina Health Serv.*, 587 U.S. 566, 574 (2019) ("This Court does not lightly assume that Congress silently attaches different meanings to the same term in the same or related statutes.").

Second, and more importantly, the statutory language of subsection (c) proceeds to describe that a Section 6039F penalty shall be paid "in the same manner as tax."  26 U.S.C.

9

United States District Court
Northern District of California

§ 6039F(c)(1)(B). By using this language, Congress clearly indicated its intent to treat this penalty as a "tax." And by specifying the mode of recovery as tax, Congress contrasted this penalty with the default mode of penalty collection, that "[w]henever a civil fine, penalty or pecuniary forfeiture is prescribed for the violation of an Act of Congress without specifying the mode of recovery or enforcement thereof, it may be recovered in a civil action." 28 U.S.C. § 2461(a). To the contrary, "all taxes" imposed by the Internal Revenue Code are assessable. 26 U.S.C. § 6201(a). That includes "assessable penalties." *Id.* Admittedly, not every tax-related penalty is assessable. For example, civil penalties for willful failure to pay excise taxes related to tobacco products are "to be recovered, with costs of suit, in a civil action." *Id.* § 5761(a). But, contrary to Zhang's contentions, Section 6039F is not one of those rare tax-related penalties which are not assessable on its own terms.

Beyond the statutory text specifying that the penalty shall be paid "as tax," Section 6039F provides for a reasonable cause defense that is evaluated by the IRS just like Section 6038's reasonable cause defense was evaluated in *Farhy II*. *Id.*, 100 F.4th at 233 (reasoning that if the "penalty was not assessable, there would be no post-assessment administrative process in which the taxpayer could make a reasonable cause showing to the Secretary."). The same reasoning applies here – if the Section 6039F penalty was not assessable by the IRS, there would be no point in including the reasonable cause defense within the statutory text of subsection (c) in which the taxpayer could make a reasonable cause showing to the Secretary. On this key aspect, it appears Congress intended for the IRS to be able to assess the Section 6039F penalty on its own without first initiating a lawsuit against the taxpayer. Ignoring the clause, which leaves the IRS to evaluate the reasonable cause defense prior to suit, would render a large portion of the subsection's language "inoperative or superfluous," flouting the rule that a "statute should be construed so that effect is given to all its provisions." *Clark v. Rameker*, 573 U.S. 122, 131 (2014) (quoting *Corley v. United States*, 556 U.S. 303, 314 (2009)). Therefore, the only reasonable reading of Section 6039F is that Congress intended the penalty to be assessable by the IRS. Indeed, Zhang cannot ignore the presence of that reasonable cause defense in Section 6039F – it is a foundational portion

of her case that the IRS mishandled that defense as applied to her penalty. *See* FAC ¶¶ 34-85 (advancing claims under four headers related to application of the reasonable cause exception).

The IRS has the authority to assess the Section 6039F penalty under its own terms and when read in conjunction with Section 6201(a). The Court accordingly GRANTS the IRS's motion to dismiss this claim.

### C.   Administrative Procedures Act

The IRS moves to dismiss Zhang's APA claims under Rule 12(b)(1) on the basis that she lacks standing for two reasons: (1) Zhang's APA claims impermissibly vary from those in her claim for refund, and (2) the Court lacks jurisdiction to hear the APA claims because there is another adequate remedy available to Zhang. The Court discusses only the latter argument because it finds that Zhang indeed has another adequate remedy available, one she already pursues in this tax refund action, and thus the Court lacks jurisdiction to hear the APA claims.

A plaintiff may only advance a claim under the APA when "there is no other adequate remedy in a court." 5 U.S.C. § 704. The APA's preclusion of judicial review when there is another adequate remedy "reflects Congress' judgment that 'the general grant of review in the APA' ought not 'duplicate existing procedures for review of agency action' or 'provide additional judicial remedies in situations where Congress has provided special and adequate review procedures.' " *Citizens for Resp. & Ethics in Wash. v. U.S. Dep't of Just.*, 846 F.3d 1235, 1244 (D.C. Cir. 2017) ("*CREW*") (quoting *Bowen v. Massachusetts*, 487 U.S. 879, 903 (1988)); *see also Tucson Airport Auth. v. Gen. Dynamics Corp.*, 136 F.3d 641, 645 (9th Cir. 1998). However, courts must not construe this provision "to defeat the [APA's] central purpose of providing a broad spectrum of judicial review of agency action." *Bowen*, 487 U.S. at 903. To be an adequate remedy, an alternative remedy "need not provide relief *identical* to relief under the APA," but it must provide "relief of the same genre." *CREW*, 846 F.3d at 1245 (emphasis in original).

The IRS argues that Zhang has another adequate remedy to challenge the Section 6039F penalty imposed. Zhang could, as she advances in another cause of action in this lawsuit yet uncontested by the IRS, raise her substantive challenges to the Section 6039F penalty in a tax-refund suit as specified in Title 26 U.S.C. § 7422 and Title 28 U.S.C. § 1346(a). *See* Dkt. No. 17

at 20. Zhang resists being limited to the tax refund relief and argues instead that only an APA action will allow her recover the relief she really wants, including to (1) obtain the reasons why the "IRS denied her request to remove the penalty assessed against her," (2) allow the Court to remand this proceeding to the IRS Independent Office of Appeals, and (3) protect the public from the IRS "arbitrarily assess[ing] penalties" in the future. Dkt. No. 23 at 25. However, Zhang is not entitled to the precise forms of relief she wants in circumstances where Congress already crafted adequate relief. *See CREW*, 846 F.3d at 1245. Zhang's requested relief indeed seeks the same genre of relief afforded by a tax-refund suit. She seeks to challenge the Section 6039F penalty assessed against her and to ultimately obtain a refund of that penalty. *See* FAC, Prayer (Dkt. No. 7 at 23) (requesting only a refund, not a vacatur and remand to IRS for further proceedings). The tax-refund suit already stands as a live portion of the FAC left unchallenged at this pleading stage, providing Zhang with another adequate remedy in court. *See Starr Int'l Co. v. United States*, 910 F.3d 527, 536 (D.C. Cir. 2018) (holding the taxpayer did not have a "cause of action under the APA" because the taxpayer had an adequate remedy under the Internal Revenue Code). Because Zhang has other adequate remedies available in court, she cannot meet her burden to show that this Court has APA jurisdiction. *Brem-Air Disposal v. Cohen*, 156 F.3d 1002, 1004 (9th Cir. 1998) ("[F]ederal courts lack jurisdiction over APA challenges whenever Congress has provided another 'adequate remedy.'"). Therefore, the Court GRANTS the IRS's motion to dismiss the APA claims on this basis.

####    D.    Eighth Amendment

The Eighth Amendment prohibits the government from imposing excessive fines. U.S. Const., Amend. VIII. Zhang contends that the Section 6039F penalty assessed against her was an unlawful, excessive fine. Dkt. No. 7-5 at 6. The IRS moves to dismiss this claim on two bases – that the Section 6039F penalty is not a fine, and, even if the penalty is a fine, it is not excessive. Because the Court finds that the penalty does not constitute a fine, it does not reach the IRS's second argument.

The Eighth Amendment's Excessive Fines Clause "limits the government's power to extract payments, whether in cash or kind, 'as punishment for some offense.' " *Timbs v. Indiana*,

12

586 U.S. 146, 151 (2019) (quoting *United States v. Bajakajian*, 524 U.S. 321, 327-28 (1998)).  In analyzing an excessive fines claim, the Court must first decide whether a penalty is a fine before determining if it is unconstitutionally excessive.  *See Bajakajian*, 524 U.S. at 334.  A payment to the government is only considered a "fine" under the Eighth Amendment if it is "punishment for some offense."  *Bajakajian*, 524 U.S. at 328 (quoting *Austin v. United States*, 509 U.S. 602, 609-10 (1993)).  In other words, the purpose of the penalty must be primarily retributive or deterrent rather than remedial.  *Id.*

The parties did not cite, nor has the Court found, any case considering the precise issue here, i.e., whether section 6039F penalties are "fines."  However, tax penalties have consistently been held to fulfill a remedial purpose and therefore not subject to the Excessive Fines Clause.  This is a longstanding principle in Supreme Court jurisprudence – tax penalties are remedial in nature rather than punitive because they exist as "a safeguard for the protection of the revenue and to reimburse the Government for the heavy expense of investigation and the loss resulting from the taxpayer's fraud."  *Helvering v. Mitchell*, 303 U.S. 391, 401 (1938) (collecting cases).  Indeed, the *Helvering* court found that a civil, 50% addition to a tax constituted a remedial sanction for failing to properly report tax liability.  *Id.*  The Ninth Circuit has relied on this same reasoning to find that civil additions to a tax were not "penal sanctions unrelated to the government's fundamental interest in raising revenue" and thus "not violative of the Excessive Fines Clause."  *Little v. Comm'r*, 106 F.3d 1445, 1455 (9th Cir. 1997).

Here, Section 6039F imposes a penalty equal to five percent of the unreported foreign gift for each month that the failure to timely report the foreign gift continues, up to a maximum penalty of 25%.  26 U.S.C. § 6039F(c)(1)(B).  The IRS argues the amount of the penalty is tied to the government's cost in investigating the penalty because the longer nondisclosure of foreign activity continues, the more costly it is for the government to investigate that unreported foreign activity.  Dkt. No. 17 at 21-22.  Also, to the extent there are any tax consequences related to large, unreported foreign gifts, the government faces greater costs to collect any underreported taxes as time goes on, especially because the foreign income may be spent.  *Id.*  Zhang offers no authority nor argument suggesting that a tax penalty imposed for failure to properly report large foreign

13

gifts should instead be considered a punitive fine. The Court accordingly follows the "insurmountable wall of tax cases" establishing that tax penalties are remedial in nature and thus do not constitute fines that implicate the Excessive Fines Clause. *McNichols v. Comm'r of Internal Revenue*, 13 F.3d 432, 434 (1st Cir. 1993) (holding that the Excessive Fines Clause does not apply to civil tax penalties and characterizing the proposed extension of rule from forfeiture cases to tax penalties as an unsupported "giant leap"). The Section 6039F penalty imposed on Zhang is not a fine and does not run afoul of the Eighth Amendment; therefore, the Court GRANTS the IRS's motion to dismiss this claim as well.

## III.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** the IRS's motion to dismiss (1) Zhang's claim that the IRS exceeded its authority to assess and collect the penalty under Section 6039F, FAC ¶¶ 10-22; (2) Zhang's claim under the APA, *id.* ¶¶ 62-85; and (3) Zhang's claim for violation of the Eighth Amendment of the U.S. Constitution, *id.* ¶¶ 86-92. Zhang's claims for refund based on a reasonable-cause defense, FAC ¶¶ 34-61, and the managerial-approval requirement of Title 26 U.S.C. § 6751(b), *id.* ¶¶ 23-29, shall proceed to discovery.

The Court will set an initial case management conference by clerk's notice.

**IT IS SO ORDERED.**

Dated: May 4, 2026

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

United States District Court
Northern District of California

14